UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:15CR00354 SNLJ |
| | ) | |
| STEVEN BLAKENEY, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION TO REVOKE BOND

COMES NOW, the United States of America, by and through Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Jennifer A. Winfield and Reginald Harris, Assistant United States Attorneys for said District, and states as follows:

## BACKGROUND

1. On August 4, 2015, defendant Steven Blakeney was arrested by the FBI on the instant case involving the following charges: Conspiracy Against Rights, Deprivation of Rights Under Color of Law and Falsification of Records.   On that same day United States Magistrate Judge David D. Noce ordered him released to the supervision of Pre-Trial Services on certain conditions, and pursuant to a $20,000 unsecured bond. (Doc. 6, 7).

2.    The aforementioned Order entered on August 4, 2015, required that defendant Blakeney comply with multiple conditions, which included but was not limited to: (1) to continue or actively seek employment, (2) to get medical or psychiatric treat as directed by Pretrial Services Officer and (3) to submit to random urinalysis testing (Doc. 7).

3.   On November 18, 2015, a violation report was filed by the Pretrial Services Office which reported that defendant Blakeney had not attended scheduled mental health counseling

1

sessions on October 7, 2015 and November 11, 2015. (Doc. 25).   However, the defendant was allowed to remain on bond.

4.   On January 7, 2016, a <u>second</u> violation report was filed by the Pretrial Services Office which reported that defendant Blakeney had not attended a scheduled mental health counseling session on January 6, 2016 (Doc. 29).   However, no adverse action was taken regarding the defendant's bond.

5.   On January 25, 2016, this Honorable Court presided over the jury trial in this matter. On January 28, 2016, a trial jury found the defendant guilty on all counts alleged in the indictment, which included Conspiracy Against Rights, Deprivation of Rights Under Color of Law and Falsification of Records. (Doc. 52).

6.   After the jury returned its guilty verdicts, this Honorable Court allowed defendant Blakeney to remain on bond until the sentencing hearing which was set for May 4, 2016. (Doc.46). This Honorable Court added the condition of electronic monitoring/home detention to the existing pretrial release conditions imposed by Judge Noce on August 4, 2015.

7.   On March 1, 2016, this Honorable Court re-set the sentencing hearing to May 11, 2016. (Doc. 56).

8.   Following, on March 18, 2016, a <u>third</u> violation report was filed by the Pretrial Services Office which reported that defendant Blakeney had not attended a scheduled mental health counseling session on March 3, 2016, and he had cancelled another mental health counseling session that was scheduled for March 17, 2016. (Doc. 57).   Nevertheless, the defendant was allowed to remain on bond.

9.   Less than two weeks later, on April 1, 2016, a <u>fourth</u> violation report was filed by the Pretrial Services Office which reported that defendant Blakeney had not abided by the location

monitoring schedule provided by the Pretrial Office, and he was in violation on March 5, 2016, and March 25, 2016. (Doc. 58).  However, no adverse action was taken regarding the defendant's bond.

10.    Again, less than two weeks later, on April 14, 2016, a <u>fifth</u> violation report was filed by the Pretrial Services Office which reported that defendant Blakeney failed to report for urinalysis testing on April 9, 2016, even though Blakeney was aware that he was scheduled to submit a urine sample before he left his residence. (Doc. 60). Nevertheless, the defendant was still allowed to remain on bond.

11.    Now, on April 21, 2016, a <u>sixth</u> violation report was filed by the Pretrial Services Office which reported that defendant Blakeney, once again, had not abided by the location monitoring/home detention schedule provided by the Pretrial Office.   Also, Blakeney still had not actively sought or obtained employment. (Doc. 62).

Based on the foregoing, the Government hereby moves to revoke defendant Blakeney's bond.

**ARGUMENT**

Once admitted to bond, a defendant is obligated to adhere to any and all conditions of release.   Title 18, United States Code, Section 3148(a) provides that "[A] person who has been released under Section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." Where such a violation is alleged, "[T]he attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court."   18 U.S.C. §3148(b).

Title 18, United States Code, Section 3148 provides, in pertinent part, that where a violation of a condition of release is alleged, and a warrant is issued,

> [T]he judicial officer *shall* enter an order of revocation and detention if, after a hearing, the judicial officer (1) finds that there is –
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
>  (2) finds that –
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

(Emphasis added)

In the instant case, defendant Blakeney has blatantly refused to comply with the conditions of his *post-trial* release without any concern for subsequent repercussions.   Based upon the nature of these violations, it seems clear that defendant Blakeney is not going to abide by this Court's previously imposed conditions of release.   Additionally, pursuant to Title 18 U.S.C. 3145(a), there are no exceptional circumstances which warrant the defendant being continued on bond.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that defendant Blakeney' s bond be revoked and that he remain in the custody of the United States Marshals Service pending sentencing.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

/s/ Jennifer A. Winfield
JENNIFER A. WINFIELD #53350MO
Assistant United States Attorney
111 South 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 22, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                             *s/Jennifer A. Winfield*
                                             JENNIFER A. WINFIELD, #53350MO
                                           Assistant United States Attorney